# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| SIMON'S WAY DEVELOPMENT, INC., a Washington corporation, | No. 53723-1-II |
| Appellant, | |
| v. | |
| CLARK COUNTY, WASHINGTON, | UNPUBLISHED OPINION |
| Respondent, | |
| SCOTT and ANJA O'NEIL, ERIC and MELISSA WALDAL, ROY and DELLA MASSIE, ALAN and KATHYRN HOLTZ-OLSON, RYAN and LINDA ROSENLUND, and BRIAN and JANET WOLF, | |
| Other parties. | |

MAXA, J. – Simon's Way Development, Inc. (Simon's Way) appeals the superior court's dismissal of its appeal under the Land Use Petition Act (LUPA), chapter 36.70C RCW. Simon's Way's LUPA petition challenged a hearings examiner's conclusion that a road that its predecessor, Roth Investments, LLC (Roth), constructed to access a timber harvest was subject to Clark County grading and stormwater requirements. The gravel road was constructed pursuant to an amended forest practices application that was approved by the Department of Natural Resources (DNR). The road crossed portions of several lots that Roth owned in addition

to the lots where the timber harvest occurred. The County did not appeal the approval of the application.

After the timber harvest was finished, Roth widened and paved the gravel access road and installed street lights and other utilities. Roth then sold 10 lots along the road for residential development purposes. The County subsequently notified the owners of the newly purchased lots, including Simon's Way, that the road was subject to local grading and stormwater requirements. However, at that time DNR did not assert that the road had been converted from forestry use to nonforestry use.

The Forest Practices Act (FPA), chapter 76.09 RCW, provides that no local governmental entity can enforce any regulation for "forest practices" over which DNR "maintain[s] regulatory authority." RCW 76.09.240(6). Simon's Way and other property owners appealed the notice to the County hearings examiner, arguing that construction of the road involved a DNR-approved forest practice that was not subject to local regulation. The hearings examiner ruled that the road was not subject to DNR regulatory authority, and the superior court affirmed (albeit on different grounds).

We hold that neither the hearings examiner nor superior court had authority to rule that the access road was not subject to DNR regulatory authority and that RCW 76.09.240(6) did not apply because the County did not appeal DNR's exercise of that regulatory authority – approval of Roth's forest practices application that included construction of the road. As a result, DNR's approval became a final decision that could not be overturned. Accordingly, we reverse the superior court's dismissal of Simon's Way LUPA petition and remand for further proceedings consistent with this opinion.

FACTS

*Forest Practices Application*

In 2014, Roth owned property in rural Clark County, near Battle Ground. The property consisted of 10 lots, which were created pursuant to a County decision in 2001. The lots now are owned by various persons, including Simon's Way and Eric and Melissa Waldal.

In May 2014, Roth submitted a forest practices application to DNR for a five-acre timber harvest project. The application listed the legal description of the forest practice as tax parcel number (TPN) 233512000 (now the Waldal property) and TPN 233477000. The application stated that the boundaries of the harvest area would be pasture and marked with ribbons. A forest practice activity map was attached to the application, which showed the harvest boundaries, ditches, and pasture fences in the area. The map did not include a scale or show the tax lot or parcel boundaries.

The application stated that the project would involve construction of a 100-foot forest road. In response to a question that asked for "Right-of-way limits/road centerlines," the application stated "[n]ot marked, through cow pasture." Clerk's Papers (CP) at 67. The attached map showed what appeared to be a road, although it was not marked.

On June 6, DNR issued a notice of decision approving the forest practices application under a Class III classification. The approval was for a period of three years. The notice stated that the decision could be appealed within 30 days to the Pollution Control Hearings Board (PCHB).

On June 13, Roth submitted a request to amend its forest practices application. The request stated a single proposed amendment: "Actual road construction to remove timber is

approximately 1500 feet to an established roadway." CP at 83. DNR issued a decision approving the amendment. DNR sent a notice of its decision to the County.

There is no indication in the record that the County appealed DNR's approval of the forest practices application or the approval of the amendment.

*Road Construction and Improvement*

Between July 2014 and April 2015, Roth constructed a 1,400-foot gravel road over eight of the lots that Roth owned and harvested timber on some of the lots. The road connected the harvest area to N.E. 182nd Avenue. The road provided access to all of the 10 lots that Roth owned.

Between June 2015 and July 23, 2016, Roth improved the gravel road to a 20-foot wide paved road. Roth also installed street lights and utilities, consistent with improvements found in a residential development.

*Property Sale*

On July 26, 2016, Roth sold one of the lots it owned. The paved road was in existence at the time of the sale. Roth subsequently sold the remainder of the lots to various persons, including Simon's Way and the Waldals.

Under the Clark County Code, there is a six-year moratorium on development for property subject to a forest practices application permit that does not have an associated conversion option forest plan. UDC 40.260.080(C)(2)(b)(1). In February 2017, the County issued a waiver to the Waldals, lifting the moratorium as long as the continuing forestry obligations were respected. The Waldals built a single family home on the land and planted Douglas fir trees on the property.

*County Notices of Violations*

On August 11, 2016, the County sent a letter to Roth stating that the access road had been constructed within wetland and habitat areas without appropriate County permits. The County informed Roth that it was required to submit complete wetland and habitat permit applications. Roth responded by informing the County that DNR approved construction of the road pursuant to a forest practices permit. The County apparently did not pursue the matter at that time.

On September 19, 2017, the County sent a letter to Simon's Way regarding the access road. The County noted that the forest practices application permitted installation of a 1,500-foot logging road, but that the road now had been paved. The County stated that a grading permit and stormwater review was required for the paved road. The County stated that Simon's Way was required to submit complete applications for a grading permit and stormwater review and that failure to comply would result in the issuance of a notice and order.

On June 26, 2018, the County issued separate notices and orders to Simon's Way and the other owners of the 10 lots sold by Roth identifying two violations of the County Code: (1) grading in excess of 200 cubic yards without a grading permit, and (2) new development and drainage projects without required plans, studies, and information.

*Appeal to Hearings Examiner*

Simon's Way and another property owner appealed the County's notice and order to the County hearings examiner. A hearing took place before the hearings examiner in November 2018.

In its final order dated January 2, 2019, the hearings examiner concluded that the road that Roth built was a "forest road" located on "forestland," as defined by the FPA. CP at 225. But it concluded that construction of the forest road was not a "forest practice" because Roth's

forest practices application did not list the tax parcel numbers for the property that the road traversed. CP at 225. As a result, the hearings examiner ruled that the road was subject to County grading and stormwater regulations.

*LUPA Petition to Superior Court*

Simon's Way filed a petition in superior court under LUPA. In addition to arguing that the hearings examiner erred, Simon's Way asserted that the hearings examiner did not have authority to question whether construction of the road was a forest practice. Simon's Way argued that because DNR approved Roth's forest practices application that included construction of the access road and no party appealed that approval, DNR's approval became final and could not be challenged.

The superior court disagreed with the hearings examiner's conclusion that construction of the access road was not a forest practice. However, the court ruled that the access road was not a forest road that crossed "forestland" as defined in the FPA. As a result, the court denied the LUPA petition, acknowledging that it was affirming the hearings examiner on different grounds than stated in the hearings examiner's ruling.

The superior court did not address Simon's Way's argument that the hearings examiner did not have the authority to essentially overturn DNR's unappealed approval of Roth's forest practices application.

*Notice of Conversion to Nonforestry Use*

In the superior court, Simon's Way submitted evidence that in December 2018, DNR issued to Roth a notice of conversion to a nonforestry use regarding the Waldal property and another property sold by Roth. The evidence showed that Roth appealed the notice of conversion to the PCHB, and that the Board subsequently granted a motion to stay that appeal

pending resolution of Simons Way's LUPA petition in superior court. However, the superior court did not formally add this evidence to the LUPA record and the court's decision did not mention conversion.

Simon's Way appeals the superior court's decision.

## ANALYSIS

### A. FOREST PRACTICES ACT

The legislature enacted the FPA to manage and protect forestland resources and to regulate the commercial timber industry with sound policies. RCW 76.09.010(1); *Johnson Forestry Contracting, Inc. v. Dep't. of Nat. Res.*, 131 Wn. App. 13, 23, 126 P.3d 45 (2005). DNR enforces compliance with FPA requirements. *See Heidgerken v. Dep't of Nat. Res.*, 99 Wn. App. 380, 385, 993 P.2d 934 (2000).

Landowners who want to conduct "forest practices" on their land must obtain DNR's approval of a forest practices application. RCW 76.09.050(2). RCW 76.09.060(1) outlines the information that may be required in a forest practices application.

RCW 76.09.240(6) provides that for those "forest practices" over which DNR "maintain[s] regulatory authority," no local governmental entity "shall adopt or enforce any law, ordinance, or regulation pertaining to forest practices." There is an exception for when the forest practices application indicates that "the lands are being converted to a use other than commercial forest production." RCW 76.09.240(6). Local governments may impose their local regulations on those projects. RCW 76.09.240(6); *see also* RCW 76.09.060(3)(a)(iii).

### B. LUPA STANDARDS FOR RELIEF

LUPA is the exclusive means, with limited exceptions, by which superior courts obtain subject matter jurisdiction to provide judicial review of local land use decisions. *Cave Props. v.*

*City of Bainbridge Island*, 199 Wn. App. 651, 656, 401 P.3d 327 (2017). On review of a superior court's decision under LUPA, we sit in the same position as the superior court and review the same record that was created before the hearings examiner. *Miller v. City of Sammamish*, 9 Wn. App. 2d 861, 870, 447 P.3d 593 (2019), *review denied*, 194 Wn.2d 1024 (2020); *see also* RCW 36.70C.120(1). On appeal, the party who filed the LUPA petition has the burden of establishing that the land use decision was erroneous, even if that party prevailed in the superior court. *Fuller Style, Inc. v. City of Seattle*, 11 Wn. App. 2d 501, 507, 454 P.3d 883 (2019).

Under RCW 36.70C.130(1), a court can grant relief only if the party challenging the administrative decision has satisfied the burden of establishing that one of six statutory standards has been met. One of those standards is that "[t]he land use decision is outside the authority or jurisdiction of the body or officer making the decision." RCW 36.70C.130(1)(e). We review de novo application of this standard. *Whatcom County Fire Dist. No. 21 v. Whatcom County*, 171 Wn.2d 421, 426-27, 256 P.3d 295 (2011).

C.     AUTHORITY TO OVERTURN DNR'S APPLICATION APPROVAL

Simon's Way argues that neither the hearings examiner nor the superior court had authority to rule that construction of the access road was not subject to DNR regulatory authority and therefore that RCW 76.09.240(6) did not apply because the County did not appeal DNR's approval of Roth's forest practices application that included construction of the road. The County and amicus DNR do not acknowledge this argument. We agree with Simon's Way.

1.     Legal Principles

Under the FPA, a person aggrieved by the approval or disapproval of a forest practices application may seek review from the "appeals board" within 30 days from the date of the receipt

of the decision.  RCW 76.09.205.  RCW 76.09.020(2) defines "appeals board" as the PCHB.  In addition, RCW 76.09.050(8) specifically provides that a county may appeal any DNR approval of "an application with respect to any lands within its jurisdiction."  Under RCW 76.09.110, "[u]nless declared invalid on appeal, a final order of [DNR] . . . shall be binding upon all parties."

RCW 43.21B.110(1)(j)[1] states that the PCHB has jurisdiction to decide appeals of DNR decisions.  A notice of appeal must be filed with the PCHB within 30 days of the decision being appealed.  RCW 43.21B.230(2).

Simon's Way relies on the general rule under LUPA that the failure to appeal a land use decision within the statutory appeal period bars any future challenges to that decision.  *Chelan County v. Nykreim*, 146 Wn.2d 904, 931-33, 52 P.3d 1 (2002); *Wenatchee Sportsmen Ass'n. v. Chelan County*, 141 Wn.2d 169, 181-82, 4 P.3d 123 (2000); RCW 36.70C.040(2).  Even illegal decisions cannot be challenged unless appealed in a timely manner.  *See Habitat Watch v. Skagit County*, 155 Wn.2d 397, 407, 120 P.3d 56 (2005).

But LUPA only applies to decisions by local jurisdictions, not state agencies.  *See* RCW 36.70C.020(2); *Klineburger v. King County Dep't of Dev. and Envtl. Servs. Bldg.*, 189 Wn. App. 153, 168, 356 P.3d 223 (2015).  Therefore, the LUPA cases do not directly apply to DNR's decision.  But just like under LUPA, a party must comply with a statutory scheme's administrative appeal procedure to avoid being precluded from challenging a state agency's decision.  *See Johnson Forestry Contracting*, 131 Wn. App. at 25, 27 (stating that the appellant

---

[1] RCW 43.21B.110 has been amended since the events of this case transpired.  Because these amendments do not impact the statutory language relied on by this court, we refer to the current statute.

was precluded from appealing DNR's imposition of civil penalties because no appeal was filed within 30 days as prescribed by the FPA).

   2.   Analysis

   The ultimate issue in this case is whether County grading and stormwater regulations apply to the access road that Roth constructed. As noted above, under RCW 76.09.240(6) the County cannot enforce any regulations for those "forest practices" over which DNR "maintain[s] regulatory authority." Therefore, the question is whether DNR maintained regulatory authority over the access road.

   Here, it is undisputed that DNR made a determination that it had regulatory authority over the access road. DNR entered a notice of decision approving Roth's forest practices application, which expressly included construction of the road. And DNR entered a decision expressly approving Roth's request to amend the application regarding the length of the road. DNR sent notice of this decision to the County. When DNR approved the application, it essentially determined that the access road qualified as a forest road that crossed forestland and that the construction of the forest road qualified as a forest practice.

   The County had a general right under RCW 76.09.205 as an "aggrieved" person to appeal DNR's approval of Roth's forest practices application. The County also had a specific right under RCW 76.09.050(8) to appeal DNR's approval of Roth's forest practices application because the property at issue was located in Clark County. The County did not exercise its general right or specific right under the FPA despite receiving notice from DNR.

   RCW 76.09.110 expressly states that "[u]nless declared invalid on appeal, a final order of [DNR] . . . shall be binding upon all parties." Therefore, DNR's unappealed approval of Roth's forest practices application is binding on the County.

10

The County has provided no authority that it can collaterally challenge DNR's unequivocal exercise of regulatory authority over the road that Roth constructed. In fact, as noted above, the County did not even acknowledge this issue. DNR now claims that its approval of the application to construct the access road was in error. But DNR cites no authority for the proposition that it can withdraw its unchallenged exercise of regulatory authority years later.

We hold that both the hearings examiner and the superior court lacked authority to determine that DNR did not have regulatory authority over the road that Roth constructed and therefore that RCW 76.09.240(6) did not apply. Accordingly, we reverse the hearing's examiner's decision and the superior court's ruling affirming that decision.

D.     CONVERSION TO NONFORESTRY USE

The County argues that the access road *will be* subject to County regulations based on the notice of conversion to nonforestry use DNR sent in December 2018. Amicus DNR also argues that the road has been converted to nonforestry use.

However, because this is a LUPA appeal, we are restricted to the administrative record that was created before the hearings examiner. *Miller*, 9 Wn. App. 2d at 870. DNR did not issue a notice of conversion until after the hearings examiner's hearing had occurred. And the issue of conversion was not raised at the hearing. Therefore, we decline to address the conversion issue. The County and DNR are free to argue in subsequent proceedings that the access road has been converted to nonforestry use and therefore that County regulations should be applied to the road.

CONCLUSION

We hold that the hearings examiner and superior court lacked authority to conclude that the access road Roth constructed was not under DNR's regulatory authority and therefore that

11

No. 53723-1-II

RCW 76.09.240(6) did not apply.  Accordingly, we reverse the superior court's dismissal of

Simon's Way LUPA petition and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

SUTTON, J.

12